UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TIMOTHY L. YOUNT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| FENTON & MCGARVEY LAW FIRM, ) | |
| P.S.C., and PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, and Plaintiff resides here.

### PARTIES

4. Plaintiff Timothy L. Yount ("Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Fenton & McGarvey Law Firm, P.S.C. ("Fenton") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

1

6. Defendant Portfolio Recovery Associates, LLC ("PRA") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to GE Money Bank ("GE").

8. PRA regularly engages in the purchase and collection of delinquent debts owed by consumers for the purpose of collecting or attempting to collect them by sending collection letters, making collection calls, credit reporting, and filing collection lawsuits as the named plaintiff in collection lawsuits.

9. After the debt became delinquent, PRA purchased the debt from GE or an assignee of GE for purposes of collection from Plaintiff, and engaged in collection activity by sending collection letters, making collection calls, credit reporting, and initially hired Shon Leverett, a member of the law firm Morgan & Pottinger, P.S.C. ("Morgan"), to attempt collection of the debt from Plaintiff.

10. M & P filed a collection lawsuit with PRA as the named plaintiff on January 2, 2014 and the initial hearing for the lawsuit was set for March 4, 2014.

11. On March 4, 2014, a default judgment was entered for PRA against Plaintiff in the amount of $1,335.01, plus interest at 5.25%, and costs of suit. **Copy of default judgment filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

### *Attempting to Collect More Than Owed*

### *September 2, 2014 Initial Collection Letter*

12. On or about September 2, 2014, Fenton sent a collection letter dated September 2, 2014 to Plaintiff in an attempt to collect the debt. **Copy filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

13. The September 2, 2014 collection letter is a communication as defined by 15 U.S.C. § 1692a(2), and is Fenton's initial communication in connection with collection of the debt.

14. The collection letter stated that Fenton had been retained and substituted for Morgan, and that the balance owed on the debt is $1,618.96.

15. Fenton engages in the collection of delinquent consumer debts owed or due or asserted to be owed or due another and attempts to collect them by making telephone calls, sending collection letters, and prosecuting collection lawsuits and attempting to collect amounts owed on judgments on behalf of its clients.

16. Fenton attempted to collect the debt from Plaintiff as PRA's agent.

17. The September 2, 2014 collection letter also stated:

> Unless you dispute the validity of the debt or any other portion thereof within 30 days after receipt of this notice, the debt will be assumed valid by us.
>
> If you notify us, in writing, within 30 days after receipt of this notice, that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, and a copy of such verification or judgment will be mailed to you.
>
> Upon your written request within 30 days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.
> . . .
>
> **This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**Doc. 1-2.** (bold in original)

18. The balance owed on the judgment on September 2, 2014 was:

    | | |
    |---|---|
    | Judgment balance: | $1,335.01 |
    | Interest accrued at 5.25% interest: | $ 34.95 |
    | Court costs incurred per clerk's office: | $ 184.50 |
    | Total: | $1,554.06 |

19. Communication to Plaintiff on September 2, 2014 that he owed amounts not legally owed was a violation of 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

### *January 23, 2015 Collection Letter*

20. On or about January 23, 2015, Fenton sent a collection letter dated January 23, 2015 to Plaintiff in an attempt to collect the debt. **Copy filed as exhibit 3 to this Complaint (hereinafter "Doc. 1-3").**

21. The January 23, 2015 collection letter is a communication as defined by 15 U.S.C. § 1692a(2), and stated that the "Amount Claimed Due" is $1,646.42.

22. On April 16, 2015, Fenton caused a garnishment to be issued to Plaintiff's employer, as follows:

    | | |
    |---|---|
    | Judgment balance: | $1,335.01 |
    | Court costs: | $ 184.50 |
    | Clerk's Fee: | $ 28.00 |
    | Officer's Fee: | $ 22.00 |
    | Interest: | $ 70.09 |
    | Total: | $1,639.60 |

    **Copy filed as exhibit 4 to this Complaint (hereinafter "Doc. 1-4").**

23. The amount shown in the garnishment issued on April 16, 2015 was less than the amount stated in Fenton's January 23, 2015 collection letter. **Docs. 1-3, 1-4.**

24. The balance owed on the judgment on January 23, 2015 was:

| | |
|---|---|
| Judgment balance: | $1,335.01 |
| Interest accrued at 5.25% interest: | $    62.41 |
| Court costs incurred per clerk's office: | $   184.50 |
| Total: | $1,581.92 |

25. The communication to Plaintiff on January 23, 2015 that he owed amounts that were not legally owed was a violation of 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

*Failure to Send Written Notice of Correct Amount of Debt*

26. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the September 2, 2014 letter, Plaintiff had not paid the debt, and Fenton had failed to send Plaintiff a written notice that disclosed the correct amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

*Summary*

27. Defendants' above-detailed conduct in connection with collection of the debt and in an attempt to collect the debt was in violation of multiple FDCPA provisions, including the ones cited above.

*Respondeat Superior Liability*

28. In addition to its individual liability under the FDCPA, the acts and omissions of Fenton, as agent for PRA who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principal, PRA.

29. The acts and omissions by Fenton were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by PRA in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff, Fenton was motivated to benefit its principal, PRA.

31. PRA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by PRA, including, but not limited to FDCPA violations, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **US Const. amend. 7. Fed.R.Civ.P. 38**.

## CAUSES OF ACTION

## COUNTS I-VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1)**

33. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

34. The foregoing acts and omissions of Defendants constitute numerous and multiple FDCPA violations, including, but not limited to each and every one of the above-cited provisions.

35. As a result of Defendants' FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNTS I-VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/21/15                     Respectfully submitted,

**TIMOTHY L. YOUNT**

s/    Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com